UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SNYDER,<br><br>                Plaintiff,<br><br>       v.<br><br>DEPARTMENT OF DEFENSE, et al.,<br><br>                Defendants. | Case No.  14-cv-01746-KAW<br><br>**ORDER REGARDING PLAINTIFF'S DECLINATION AND REQUEST FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>Re: Dkt. No. 10 |

Richard Snyder ("Plaintiff") commenced this action against the Department of Defense and the Defense Logistics Agency (collectively, "Defendants") on April 16, 2014.  (Compl., Dkt. No. 1.)  In accordance with the provisions of 28 U.S.C. § 636(c), Plaintiff voluntarily consented to United States magistrate judge jurisdiction on April 17, 2014.  (Pl.'s Consent, Dkt. No. 4.)

On June 3, 2014, Plaintiff filed a document captioned "Decline to Proceed with ADR." (Dkt. No. 8.)  In the filing, Plaintiff "respectfully decline[d] Alternate Dispute Resolution." *(Id.)* The Court issued an order on June 12, 2014, in which the Court indicated that it had construed Plaintiff's filing as a motion for relief from automatic referral to the ADR Program and denied the motion for failure to articulate any basis justifying the relief requested.  (June 12, 2014, Dkt. No. 9.)

Plaintiff then filed a document captioned "Declination to proceed using ADR and Request for Assignment to a United States District Judge."  (Dkt. No. 10.)  In the filing, Plaintiff quotes Civil Local Rule 16-8(a) as follows:

> (a) District Policy Regarding ADR.  It is the policy of this Court to assist parties involved in civil litigation to resolve their disputes in a just, timely and cost-effective manner.  The Court has created **AND MAKES AVAILABLE (emphasis added)** its own Alternative Dispute Resolution (ADR) programs for which it has promulgated local rules.  **THE COURT ALSO ENCOURAGES**

**CIVIL LITIGANTS TO CONSIDER USE OF ADR PROGRAMS** (emphasis added) operated by private entities. At any time after an action has been filed, the Court on its own initiative or at the request of one or more parties may refer the case to one of the Court's ADR programs, or to a judicially hosted settlement conference[.]

*(Id.)*

Plaintiff also requests reassignment to a district judge and states: "In this specific case there is absolutely nothing to mediate. The question before the court is simple. 'Did the government comply with this court's prior order and comply with the law or not[.]'"

To the extent that Plaintiff again seeks relief from automatic referral to the ADR Program, the request is denied. Automatic referral to ADR merely imposes certain requirements on a party. Those requirements, and applicable deadlines, are contained in the Scheduling Order entered in this case, Dkt. No. 3. That order provides that the parties are to (1) meet and confer regarding ADR process selection, (2) file an ADR certification of discussion of ADR options, and (3) file either (a) a stipulation to ADR process or (b) a notice of need for ADR phone conference by no later than June 24, 2014. The Court notes that as of the filing of this order, Plaintiff has already filed his certification of discussion of ADR options. Therefore, in order to comply with the Court's scheduling order, Plaintiff need only meet and confer regarding ADR process selection and file either (a) a stipulation to ADR process or (b) a notice of need for ADR phone conference. Plaintiff should not confuse these requirements with a Court order requiring him to participate in an ADR process, such as mediation, early neutral evaluation, etc. The Court will issue such an order only if appropriate.

Though Plaintiff describes the issues in this case as "simple," that is insufficient to convince the Court that this case should not be designated for ADR. Once the parties have complied with the preliminary requirements set forth above, however, the Court will separately determine whether the parties will be required to participate in a specific ADR process. Accordingly, the ADR deadlines set in the Court's Scheduling Order, Dkt. No. 3, remain in effect.

To the extent that Plaintiff requests reassignment to a district judge, the Court construes the request as a motion to withdraw consent, which is also denied. As indicated above, Plaintiff consented to magistrate judge jurisdiction on April 17, 2014. While Plaintiff now seeks to

2

withdraw that consent, "there is no absolute right to withdraw consent once granted." *U.S. v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993) (holding that a criminal defendant's withdrawal of validly given consent was without effect).

In this case, Plaintiff has not demonstrated that there are extraordinary circumstances that permit him to withdraw his consent. *See* 28 U.S.C. § 636(c)(4) ("The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."); Fed. R. Civ. P. 73(b)(3) ("On its own for good cause—or when a party shows extraordinary circumstances, the district judge may vacate a referral to a magistrate judge under this rule."). Dissatisfaction with a magistrate judge's order does not constitute extraordinary circumstances. Moreover, Plaintiff has not shown why any of the factors the Court is to consider in ruling on a request to withdraw consent, i.e., the timeliness of the request, whether granting the request would unduly interfere with or delay the proceedings, the relative burdens and costs to the litigants, and whether the party's consent was voluntary and uncoerced, weigh in his favor.

For these reasons, Plaintiff's purported withdrawal of consent is without effect, and the matter will not be reassigned to a district judge. If, however, Plaintiff believes he can make the required showing, he may file a motion to withdraw consent that specifically identifies the grounds that entitle him to withdraw his consent.

**IT IS SO ORDERED.**

Dated: June 24, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

3