UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SNYDER,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF DEFENSE, et al.,<br><br>    Defendants. | Case No. 14-cv-01746-KAW<br><br>**ORDER REGARDING MOTION TO COMPEL FEDERAL DEFENDANT TO COMPLY WITH PREVIOUS ORDERS**<br><br>Re: Dkt. No. 32 |

On September 9, 2014, Richard Snyder filed a motion captioned "Plaintiff's Motion to Compel Federal Defendant to Comply with this Court's Previous Order(s)." (Pl.'s Mot., Dkt. No. 32.) The defendants have not filed an opposition to the motion, which was due September 23, 2014.

In the filing, Plaintiff explains:

> What I am asking for in this case is for this Court to enforce the remand ORDER from the 9th Circuit Court of Appeals Case 00-15144[1] (Complaint EXHIBIT 2) TPS, Inc. v. Defense Logistics Agency and instruct the Federal Defendant to zip & FTP the CAGE Code file to me directly or via DAASO.

(*Id.* at 10 (capitalization in original).) He also states:

> Judge Walker has already ruled on this specific issue in case case [*sic*] C-03-4992-VRW Richard Snyder v. Defense Logistics Agency (Complaint EXHIBIT 10). All I am seeking from this Court is to enforce this Court's existing order for the elimination of administrative fees demanded by DOD and for the DoDaac File.

(*Id.* at 15.)

With respect to Plaintiff's request to enforce any orders entered in *TPS Inc. v. Defense*

---

[1] That order reads: ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause by, and hereby is REVERSED AND REMANDED. (Am. Compl., Ex. 2 Dkt. No. 16.)

*Logistics Agency,* Case No. 3:99-cv-01825-JSW, this Court notes that the action was dismissed, with prejudice, after entry of a stipulation and order of compromise. Therefore, to the extent that Plaintiff disputes compliance with that order, he may file an appropriate motion in that case.

As for Plaintiff's request that this Court enforce an order entered in *Richard Snyder v. Defense Logistics Agency*, Case No. 3:03-cv-04992-VRW regarding administrative fees, this Court will resolve any such issues when ruling on the parties' cross-motions for summary judgment. Accordingly, the instant motion is denied.

To avoid any confusion, Plaintiff should understand that an order by a judge in a different case does not constitute an order in this case. As such, legal arguments made in other cases are not arguments made in this case until such time that the arguments based on the particular facts of this case are made. Each case is litigated on its own merits. Thus, Plaintiff's repeated argument that the issues in this case have already been decided in other cases from 1999 and 2003 is misguided.

This case concerns Plaintiff's FOIA requests for two computer files. Based on the allegations in the amended complaint, it does not appear that the Government has denied Plaintiff's requests outright. Instead, it seems that some complication is preventing the FTP transmission of the Commercial and Government Entity ("CAGE") Code File, and the Government has placed Plaintiff's request for the Department of Defense Activity Address Code ("DoDAAC") File in a complex queue. (*See* Am. Compl. ¶¶ 10, 41, Dkt. No. 16.) Given the nature of this dispute, then, the Court finds that the parties should be able to negotiate an agreement to resolve the CAGE Code File transmission problem without further Court intervention. Accordingly, within 30 days of this order, the parties shall either (1) file a stipulation selecting an ADR Process or (2) a "Notice of Need for ADR Phone Conference."[2]

---

[2] At the initial case management conference, the parties agreed that this case was not suitable for ADR. In light of that, the Government was to prepare and file a stipulation stating that the parties would like to be excused from compliance with the Court's ADR Program and indicating their reasons why. No such stipulation was filed. The parties were not, therefore, ever excused from compliance with the Court's ADR Program.

Because the parties shall engage in ADR, the Court's order requiring the parties to meet and confer to resolve any claimed deficiencies in the administrative record is STAYED pending completion of the ADR Process. The Court will also defer ruling on the pending motion to dismiss to permit the parties to negotiate a global resolution. The briefing schedule for the parties' cross-motions for summary judgment is VACATED. The case management conference currently set for December 2, 2014 is continued to February 17, 2015. The parties shall file a **joint** case management statement by February 10, 2015.

**IT IS SO ORDERED**.

Dated: 10/29/14

KANDIS A. WESTMORE
United States Magistrate Judge